

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 97-40091 |
| Plaintiff, | \* | |
| -vs- | \* | MEMORANDUM OPINION AND ORDER |
| MICHAEL D. PICKERING, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On December 1, 2010, the Court conducted a hearing pursuant to *Sell v. United States*, 539 U.S. 166, 179 (2003). The government was represented by Assistant United States Attorney Jeff Clapper and the Defendant was represented by his counsel, Assistant Federal Public Defender Timothy Langley. The Defendant appeared by video-conference from the U.S. Medical Center for Federal Prisoners in Springfield Missouri. Dr. Elizabeth A. Tyner, Ph.D. Clinical Psychologist, and Dr. Robert G. Sarrazin, M.D., Chief of Psychiatry, also appeared by video-conference.

In *Washington v. Harper*, 494 U.S. 210, 222 (1990), the Supreme Court recognized that an individual "possesses a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." The Supreme Court later set forth the standard for allowing involuntary administration of antipsychotic drugs to a mentally ill defendant:

> [T]he Constitution permits the Government involuntarily to administer antipsychotic drugs to a mentally ill defendant facing serious criminal charges in order to render that defendant facing serious criminal charges competent to stand trial, but only if the treatment is medically appropriate, is substantially unlikely to have side effects that may undermine the fairness of the trial, and, taking account of less intrusive alternatives, is necessary significantly to further important governmental trial-related interests.

*Sell v. United States*, 539 U.S. 166, 179 (2003). The Supreme Court further explained that the above standard "will permit involuntary administration of drugs solely for trial competence purposes in certain instances. But those instances may be rare." *Id.* at 180. The government has the burden to prove the following factors to satisfy the *Sell* standard: (1) that *important* government interests are at stake; (2) that involuntary medication will *significantly further* those concomitant state interests. (3) that involuntary medication is *necessary* to further those interests; and 4) that administration of the drugs is *medically appropriate, i.e.*, in the patient's best medical interest in light of his medical condition. 539 U.S. at 180-82.

The government and counsel for the Defendant agreed, and the Court finds, that important government interests are at stake. As to the second factor, the Court finds that "administration of the drugs is substantially likely to render the defendant competent to proceed [on the Petition to Revoke Conditional Release and] that administration of the drugs is substantially unlikely to have side effects that will interfere significantly with the defendant's ability to assist counsel [in the revocation proceedings]." *Sell,* 539 U.S. at 181. As to the third factor, the Court finds "that any alternative, less intrusive treatments are unlikely to achieve substantially the same result." *Id.* at 181. Finally, based upon Dr. Sarrazin's report and testimony, the Court finds that administration of the drugs as outlined in Dr. Sarrazin's report is medically appropriate.

The Court finds that the government has met its burden under *Sell*, 539 U.S. at 180-82, and the Court will order that Defendant Michael Pickering shall be involuntarily medicated in accordance with Dr. Robert G. Sarrazin's report. Mr. Pickering will receive this treatment while in the custody of the Attorney General for an additional four months.

Now, therefore,

IT IS ORDERED:

1. That the Defendant Michael Pickering shall be committed to the custody of the Attorney General for an additional period of four months for further treatment pursuant to 18 U.S.C. § 4241(d).

2. That the Defendant Michael Pickering shall be involuntarily medicated in accordance with Dr. Robert G. Sarrazin's report, Doc. 155.

Dated this 1st day of December, 2010.

BY THE COURT:

John B. Jones
Senior United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)      DEPUTY

3