UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL D. PICKERING,<br><br>Defendant. | CR. 97-40091-01-KES<br><br>ORDER |

On May 22, 2017, the court conducted a hearing pursuant to *Sell v. United States*, 539 U.S. 166 (2003). The government was represented by Assistant United States Attorney Jeff Clapper and the defendant was represented by his counsel, Assistant Federal Public Defender Amanda Kippley. The defendant initially appeared by video-conference from the Federal Medical Center in Butner, North Carolina, until he became disruptive and was then removed from the room. Dr. Adeirdre Stribling Riley, Ph.D., and Dr. Bryon Herbel, M.D., also appeared by video-conference.

In *Washington v. Harper*, 494 U.S. 210, 222 (1980), the Supreme Court recognized that an individual "possesses a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." The Supreme Court

later set forth the standard for allowing involuntary administration of antipsychotic drugs to a mentally ill defendant:

> [T]he Constitution permits the Government involuntarily to administer antipsychotic drugs to a mentally ill defendant facing serious criminal charges in order to render that defendant competent to stand trial, but only if the treatment is medically appropriate, is substantially unlikely to have side effects that may undermine the fairness of the trial, and, taking account of less intrusive alternatives, is necessary significantly to further important governmental trial-related interests.

*Sell*, 539 U.S. at 179. The Supreme Court explained that the above standard "will permit involuntary administration of drugs solely for trial competence purposes in certain instances. But those instances may be rare." *Id.* at 180. "To order the administration of drugs, a court must find: (1) that an important governmental interest is at stake; (2) that involuntary medication will significantly further that governmental interest; (3) that involuntary medication is necessary to further that interest; and (4) that administration of the drugs is medically appropriate." *United States v. Mackey*, 717 F.3d 569, 573 (8th Cir. 2013) (citing *Sell*, 539 U.S. at 180-81). Whether an important governmental interest is at stake is a legal determination, and '[t]he government must prove the other three elements by clear and convincing evidence[.]" *Id.* (citing *United States v. Fazio*, 599 F.3d 835, 840 & n.2 (8th Cir. 2010)).

The government and counsel for the defendant agreed, and the court finds, that important governmental interests are at stake. As to the second

factor, the court finds by clear and convincing evidence based on the testimony heard and evidence introduced at the hearing that administration of the drugs is substantially likely to render the defendant competent to proceed on the Petition to Revoke Conditional Release and that the administration of those drugs is substantially unlikely to have side effects that will interfere significantly with the defendant's ability to assist counsel. *See Sell*, 539 U.S. at 181. As to the third factor, the court finds by clear and convincing evidence based on the testimony heard and evidence introduced at the hearing that alternative, less intrusive treatments are unlikely to achieve substantially the same result. *See id.* Finally, based upon the testimony heard and evidence introduced at the hearing, the court finds that administration of the drugs as outlined in Dr. Herbel's report (Docket 221) is medically appropriate.

Thus, the court finds that the government has met its burden under *Sell*, and the court will order that Pickering be involuntarily medicated in accordance with Dr. Herbel's report. Pickering will receive this treatment while in the custody of the Attorney General for a reasonable period of time, not to exceed four months.

Thus, it is

ORDERED that defendant, Michael D. Pickering, is committed to the custody of the Attorney General for a reasonable period of time, not to exceed four months, for further treatment pursuant to 18 U.S.C. § 4241(d).

IT IS FURTHER ORDERED that defendant, Michael D. Pickering, shall be involuntarily medicated with the least invasive means possible and in accordance with Dr. Bryon Herbel's report.

IT IS FURTHER ORDERED that Dr. Herbel be allowed to conduct periodic blood testing on the defendant to determine the appropriate dosage for defendant.

Dated May 23, 2017.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE